Case 1:21-cv-05669-JGK-OTW Document 60 Filed 08/03/23 Page 1 of 2



| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | MARY K. SHERWOOD<br>*Assistant Corporation Counsel*<br>msherwoo@law.nyc.gov<br>Phone: (212) 356-2425<br>Fax: (212) 356-3509 |
|---|---|---|

August 3, 2023

**By ECF**
Honorable John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

APPLICATION GRANTED
SO ORDERED

*[signature]* 8/7/23
John G. Koeltl, U.S.D.J.

Re: Nigel Fredricks v. Correction Officer Smith,
21 Civ. 5669 (JGK) (OTW)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Defendant Sean Smith in the above-referenced matter. Defendant respectfully requests that the Court extend Defendant's time to file his motion for summary judgment, which is currently due on August 4, 2023, 2023, by 60 days, until October 3, 2023. (Dkt. No. 59). Defendant also respectfully requests the Court's assistance in obtaining Plaintiff's relevant medical records from Correctional Health & Hospitals. This is the Defendant's second request of its kind.[1] Plaintiff is incarcerated and his consent could not readily be obtained.

    By way of background, Nigel Fredricks (hereinafter "Plaintiff") initiated this action pursuant to 42 U.S.C. § 1983 on June 28, 2021 against Officer Smith. (Dkt. No. 2). In this case, Plaintiff alleges that he was assaulted by several fellow detainees at Robert N. Davoren Complex and Defendant Officer Smith failed to protect him against that attack. (Dkt. No. 2). Defendant is seeking summary judgment to dismiss the instant complaint. (Dkt. No. 54). The Court ordered the Defendant to file its summary judgment motion by April 21, 2023. (Dkt. No. 55). Defendant requested an extension to file his summary judgment because Defendant still does not have relevant medical records for reasons stated herein. Medical records are undoubtedly relevant to the merits (or lack thereof) of Plaintiff's claim.

---

[1] The first request was sought on June 1, 2023 and was granted. (Dkt. No. 58).

The reason for this request is that Defendant still does not have Plaintiff's medical records from the date of incident.[2] While Correctional Health & Hospitals has provided some of Plaintiff's records, it has not, for some reason, provided records for the date of incident, which allegedly occurred on May 22, 2021. Despite numerous requests to Correctional Health & Hospitals, Defendant has not received the relevant medical records. To expedite the instant request, Defendant requests that the Court endorse the subpoena enclosed herein. This enlargement would likely allow the Correctional Health & Hospitals with enough time to provide Defendant with the outstanding records and for Defendant to review those records in preparation for his motion for summary judgment.

Accordingly, Defendant respectfully requests an enlargement of the briefing schedule as follows: Defendant to file his summary judgment motion by October 3, 2023; Plaintiff to file an opposition by November 3, 2023; and Defendant to file a reply, if any, by December 3, 2023. Pursuant to Your Honor's Individual Rules, attached is a proposed Revised Scheduling Order reflecting the proposed revised briefing schedule. Additionally, Defendants respectfully request the Court so-order the attached subpoena addressed to Correctional Health & Hospitals.

Thank you for your consideration herein.

Respectfully submitted,

*Mary K. Sherwood*

Mary K. Sherwood
*Assistant Corporation Counsel*
Special Federal Litigation

cc: VIA FIRST-CLASS MAIL
Nigel Fredricks
#22B1005
Attica Correctional Facility
639 Exchange St
Attica, New York 14011-0149

---

[2] Additionally, the undersigned has been preparing for and conducting a trial that began on July 31, 2023 before the Honorable Nicholas G. Garaufis in the matter of *Herrera-Amador v. City of New York et al.*, 16-cv-05915 (NGG) (VMS).